BARRY LEVINSON & ASSOCIATES
BARRY LEVINSON, ESQ.
Nevada Bar No.: 006721
JEREMY G. MONDEJAR
Nevada Bar No.: 11213
2810 S. Rainbow Blvd.
Las Vegas, Nevada 89146
(702) 836-9696
Attorneys for Debtor

E-FILED: AUGUST 2, 2010

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

DONNA BRUMFIELD,

Debtor.

Case No.: 09-29892-BAM
Chapter 13

**OPPOSITION TO CREDITOR'S
MOTION FOR RELIEF FROM
AUTOMATIC STAY**

Date:    AUGUST 3, 2010
Time:    1:30 PM.
Court:   3

COMES NOW, DONNA BRUMFIELD ("Debtor"), by and through her attorneys, BARRY LEVINSON & ASSOCIATES, hereby opposes U.S. Bank National Association's ("Movant") MOTION FOR RELIEF FROM STAY for her property commonly known as 887 West Carey Ave., North Las Vegas, NV 89030. The Debtor states as follows:

**RE:    11 U.S.C. §362(d)(1).**

As of August 3, 2010, the Debtor is two monthly post-petition payments behind (approximately $1,356.00). See Exhibit A - Proof of Monthly Post-Petition Payments. The Debtor will pay these arrears by August 16, 2010.

The Movant has not satisfied its burden to show that it is not adequately protected. They have not produced a certified appraisal to show the extent of its secured interest. So there is no satisfactory proof that the Debtor's post-petition monthly payments do not adequately protect their secured interest.

The Movant has erroneously stated that the Debtor is obligated to pay $1,605.30 rather than $678.00 in post-petition monthly payments. On June 21, 2010, the Court entered an order

1  that confirmed the Debtor's Plan #2. Plan #2 set the monthly mortgage payment at $678.00. See

2  Exhibit B – Copy of Order and Plan #2. The Movant, in bad-faith, has alleged that the Debtor is

3  obligated to pay $1,605.30. Since November 2009 to now, the Movant's representatives have

4  repeatedly told the Debtor to continue to pay the trial-period payment of $678.00 while the loan

   modification was in process. In other words, the Movant has told the Debtor to pay $678.00 while

5  it tries to take the property because the Debtor has not paid $1,605.30. See Exhibit C – Evidence

6  of Agreement for the Debtor to Continue her $678.00 payments. In sum, the Movant has

7  overestimated the post-petition arrears by approximately 8,345.70.

8      **RE:  11 U.S.C. §362(d)(2).**

9      The Movant has not satisfied its burden to show that the property lacks equity. It has not

10  produced a disinterested and certified appraisal that shows that the property's current value is less

    than what the Debtor owes the Movant.

11      Even if the property lacks equity, the property is necessary for an effective reorganization.

12  The property is the Debtor's primary residence and her only real property. Retention of this

13  property is one of the major reasons why the Debtor filed for a Chapter 13 rather than a Chapter 7

14  bankruptcy.

15      **RE:  Issues of Standing.**

16      The Movant has provided copies of the promissory note and the assignment of deed of

17  trust. Both documents are certified by the Financial Title Company. However, the certification

    lacks a date on both documents. It is possible that the Movant has transferred the note since the

18  …

19  …

20  …

21  …

22  …

23  …

24  …

25  …

26  …

27  …

28  …

   …

1    certification date. The Movant has not satisfied its burden to show that Movant has not transferred

2    the promissory note to a third party after it received it.

3          WHEREFORE, for the foregoing reasons, the Debtor respectfully asks this Court to deny

4    the Movant's motion in whole or in part. Alternatively, the Debtor asks this Court to continue the

     hearing for this matter 60 days to allow the Debtor to pay her post-petition arrears and to allow the

5    loan modification to finalize. In the alternative, the Debtor asks that the stay under Rules of Fed.

6    Bankruptcy 4001(a)(3) not be lifted. The Debtor asks this Court to grant the Debtor any such

7    relief that the Court deems appropriate.

8    DATED: This 3rd day of AUGUST 2010

9                              BARRY LEVINSON & ASSOCIATES

10

11                              /s/ Jeremy G. Mondejar
                               JEREMY G. MONDEJAR, ESQ.
12                              Nevada Bar No.:  11213
                               BARRY LEVINSON
13                              Nevada Bar No.: 006721
                               Attorney for Debtor(s)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B.

Debtor Attorney
Nevada Bar No.
Attorney Firm Name
Address
City, State Zip Code
Phone #
Pro Se Debtor

**BARRY LEVINSON, ESQ. 006721**
006721
Law Office Of Barry Levinson
2810 S Rainbow Blvd
Las Vegas, NV 89146
702-836-9696

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

In re:                                                          )     BK - **S** -        **09-29892**
Debtor:   **DONNA BRUMFIELD**                )     Judge:   **Bruce A. Markell**        Trustee:  **Kathleen A. Leavitt**
Last four digits of Soc. Sec. No.:   **xxx-xx-0571**   )     CHAPTER 13 PLAN #    **2**
                                                                )     Plan Modification   ☒ NA   ☐ Before Confirmation ☐ After Confirmation
Joint Debtor:                                             )     Pre-Confirmation Meeting:
Last four digits of Soc. Sec. No.:                 )     Date:  **5/6/10**                    Time:  **8:30 AM**
                                                                )     Confirmation Hearing:
                                                                )     Date:  **5/6/10**                    Time:  **1:30 PM**

## CHAPTER 13 PLAN AND PLAN SUMMARY
## OF INTEREST RATES AND PLAN SUMMARY
☐ MOTION(S) TO VALUE COLLATERAL   ☐ MOTION(S) TO AVOID LIENS
*[Check if motion(s) will be filed]*

YOU ARE HEREBY NOTIFIED THAT THIS PLAN AND THESE MOTIONS, IF APPLICABLE, WILL BE CONSIDERED FOR
APPROVAL AT THE CONFIRMATION HEARING DATE SET FORTH ABOVE. THE FILING AND SERVING OF WRITTEN
OBJECTIONS TO THE PLAN AND MOTIONS SHALL BE MADE IN ACCORDANCE WITH BR 3015(f) & 9014 AND LR 9014(e).

DEBTOR PROPOSES THE FOLLOWING CHAPTER 13 PLAN WITH DETERMINATION OF INTEREST RATES WHICH SHALL BE
EFFECTIVE FROM THE DATE IT IS CONFIRMED.

### Section I. Commitment Period and Calculation of Disposable Income, Plan Payments, and Eligibility to Receive Discharge

**1.01 Means Test** - Debtor has completed Form B22C – Statement of Current Monthly income and Calculation of Commitment Period
and Disposable Income.

**1.02 Commitment Period** - The applicable commitment period is ☒ 3 years or ☐ 5 years. Monthly payments must continue for the
entire commitment period unless all allowed unsecured claims are paid in full in a shorter period of time, pursuant to §1325(b)(4)(B). If
the applicable commitment period is 3 years, Debtor may make monthly payments beyond the commitment period as necessary to
complete this plan, but in no event shall monthly payments continue for more than 60 months.

**1.03 Commitment Period and Disposable Income**
☒ The Debtor is under median income.   ☐ The Debtor is over median income.

**1.04 Liquidation Value Pursuant to §1325(a)(4)**
Liquidation value is calculated as the value of all excess non-exempt property after the deduction of valid liens and encumbrances and
before the deduction of trustee fees and priority claims. The liquidation value of this estate is:  **15.00**  . The liquidation value is derived
from the following non-exempt assets (describe assets):  _____.

**1.05 Projected Disposable income** - The Debtor(s) does propose to pay all projected disposable income for the applicable
commitment period pursuant to §1325(b)(1)(B).

**1.06** The Debtor(s) shall pay the greater of disposable income as stated in 1.03 or liquidation value as stated in 1.04.

**1.07 Future Earnings** The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for
the execution of the plan.

**1.08 MONTHLY PAYMENTS:**
a. Debtor shall pay to Trustee the sum of $ **228.00** for  **12**  (# of months) commencing  **11/21/2009** . Totaling **2,736.00**.
b. Monthly payments shall increase or decrease as set forth below:
                         The sum of $ **1,115.00** for  **48** . (# of months) commencing  **11/21/2010** . Totaling  **53,520.00**
                         The sum of $___ for ___ (# of months) commencing ___. Totaling ___

**1.09 OTHER PAYMENTS** - In addition to the submission of future earnings, Debtor will make non-monthly payment(s) derived from property of the bankruptcy estate or property of Debtor, or from other sources, as follows:

| Amount of payment | Date | Source of payment |
|---|---|---|
| $ | | |
| $ | | |
| $ | | |

**1.10 TOTAL OF ALL PLAN PAYMENTS INCLUDING TRUSTEE FEES =**      56,256.00

**1.11 Trustees fees** have been calculated at 10% of all plan payments which totals =   **5,625.60**   This amount is included in 1.10 above.

**1.12 Tax Refunds** - Debtor shall turn over to the Trustee and pay into the plan annual tax refunds for the tax years:   2010, 2011, 2012

**1.13 ELECTION TO PAY 100% OF ALL FILED AND ALLOWED GENERAL NON-PRIORITY UNSECURED CLAIMS**
a. ☐ 100% of all filed and allowed non-priority claims shall be paid by Trustee pursuant to this Plan.
b. ☐ General unsecured creditors will be paid interest at the rate of __%. [Check this box and insert the present value rate of interest - if debtors estate is solvent under §1325(a)(4).]

**1.14 Statement of Eligibility to Receive Discharge**
a. Debtor,   **DONNA BRUMFIELD**   **is eligible** to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.
b. Joint Debtor, __ **is eligible** to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.

**Section II. Claims and Expenses**

## A. Proofs of Claim

**2.01** A Proof of Claim must be timely filed by or on behalf of a priority or general non-priority unsecured creditor before a claim will be paid pursuant to this plan.

**2.02** A CLASS 2A Secured Real Estate Mortgage Creditor shall be paid all post-petition payments as they become due whether or not a Proof of Claim is filed. The CLASS 2B secured real estate mortgage creditor shall not receive any payments on pre-petition claims unless a Proof of Claim has been filed.

**2.03** A secured creditor may file a Proof of Claim at any time. A CLASS 3 or CLASS 4 secured creditor must file a Proof of Claim before the claim will be paid pursuant to this Plan.

**2.04** Notwithstanding Section 2.01 and 2.03, monthly contract installments falling due after the filing of the petition shall be paid to each holder of a CLASS 1 and CLASS 6 secured claim whether or not a proof of claim is filed or the plan is confirmed.

**2.05** Pursuant to §507(a)(1), payments on domestic support obligations (DSO) and payments on loans from retirement or thrift savings plans described in §362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed, unless agreed otherwise.

**2.06** A Proof of Claim, not this plan or the schedules, shall determine the amount and the classification of a claim. Pursuant to §502(a) such claim or interest is deemed allowed unless objected to and the Court determines otherwise.

**a. Claims provided for by the plan** - If a claim is provided for by this plan and a Proof of Claim is filed, payments shall be based upon the claim unless the Court enters a separate Order otherwise determining (i) value of the creditors collateral; (ii) rate of interest; (iii) avoidance of a lien; (iv) amount of claim or (v) classification of a claim. If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan or such other Order of the Court which establishes the rate of interest.

**b. Claims not provided for by the plan** - If a claim is not provided for by this plan and a Proof of Claim is filed, no payment will be made to the claimant by the Trustee or the Debtor until such time as the Debtor modifies the plan to provide for payment of the claim. Such claim or interest is deemed allowed unless objected to and the Court determines otherwise. If no action is taken by the Debtor, the Trustee may file a Motion to Dismiss the case or a Trustee's Modified Plan.

## B. Fees and Administrative Expenses

**2.07 Trustee's fees** - Trustee fees shall be calculated at 10% of payments made under the Plan, whether made before or after confirmation, but excluding payments made directly by Debtor, as provided for by the plan, to CLASS 1, CLASS 2, or CLASS 6 creditors or pursuant to an executory contract or unexpired lease.

**2.08 Compensation of Former Chapter 7 Trustee** Payment of compensation of the type described in §1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to non-priority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

| Trustee's Name | Compensation |
|---|---|
| -NONE- | |

**2.09 Administrative expenses other than Trustee's fees and Debtor's attorney's fees** - Except to the extent the claimant agrees to accept less, and unless §1326(b)(3)(B) is applicable, approved administrative expenses other than Trustee's fees and Debtor's attorney's fees shall be paid in full.

| Creditor's Name | Services Provided | Amount Owed |
|---|---|---|
| -NONE- | | |

**2.10 Administrative Expenses - DEBTOR'S ATTORNEY'S FEES** - The Debtor's attorney's fees, costs, and filing fees in this case through Confirmation of the plan shall be $ __4,900.00__ . The sum of $ __1,000.00__ has been paid to the attorney prior to filing the petition. The balance of $ __3,900.00__ shall be paid through the plan. If fees and costs stated above are in excess of 16 Hours X __0.00__ (Insert Attorney's Billable Hourly Rate) + __274.00__ (Filing Fee) + __0.00__ (Costs) = __0.00__ (TOTAL), such fees and costs must be approved by the Court. However, all fees are subject to review and approval by the Court. The attorney's fees paid through the plan shall be paid (check one) ☒ in accordance with Section 4.02 or ☐ a monthly payment of $ __ commencing __. It is contemplated that the Debtor(s) will continue to utilize the services of their attorney through the completion of the plan or until the attorney is relieved by Order of the Court. Debtor may incur additional attorney's fees post-confirmation estimated in the amount of $ __0.00__ . Such additional estimated attorney's fees are included in this plan for payment by the Trustee and do not render the plan infeasible. Any additional attorney's fees and costs after confirmation must be paid through the plan after approval of the Court. [Trustee Pays]

## C. Secured Claims

**2.11 CLASS 1 Secured claims for real estate loans and/or real property taxes that were current when the petition was filed.** - At the time of the filing of the petition, Debtor was current on all CLASS 1 claims. Debtor shall pay the ongoing contract installment payment on each CLASS 1 claim for real estate loans and/or real property taxes due after the filing of the petition as listed below. [Debtor Pays]

| Creditor's Name / Collateral Description | Installment Payment | Interest Rate | Maturity Date |
|---|---|---|---|
| -NONE- | | | |

**2.12 CLASS 2 - Secured claims for real estate loans and/or real property taxes that were delinquent when the petition was filed** - The monthly contract installment payment on each CLASS 2A claim for real estate loans due after filing of the petition shall be paid as designated below. The Debtor shall pay directly all post-petition real estate taxes not otherwise paid by the real estate loan creditor. Trustee shall pay all CLASS 2C pre-petition arrearage claim for real estate taxes prior to CLASS 2B payment on pre-petition arrearage claims on real estate loans. CLASS 2 claims are not modified by this plan and the creditor shall retain its existing lien until paid in full.

**2.12.1 CLASS 2A - Secured Real Estate Mortgage - Post Petition monthly contract installment payments**
Post-Petition monthly contract installment payments shall be paid by the Trustee or Debtor as designated below. If the Trustee is designated, then: (a) The Trustee shall make monthly post-petition contract installment payments on claims as they come due. (b) The first monthly contract installment payment due after the filing of the petition shall be treated and paid in the same manner as a pre-petition arrearage claim unless agreed otherwise. (c) If Debtor makes a partial plan payment that is insufficient to pay all monthly contract installment payments due, these installments will be paid in the order listed below. (d) Trustee will not make a partial payment on a monthly contract installment payment. (e) If Debtor makes a partial plan payment, or if it is not paid on time and Trustee is unable to pay timely a monthly contract installment payment due on a CLASS 2A claim. The Debtor's cure of this default must be accompanied by any applicable late charge. (f) Upon receipt, Debtor shall mail or deliver to Trustee all notices from CLASS 2A creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to the Trustee, Debtor shall affix the Chapter 13 case number to it. If any such notice informs Debtor that the amount of the monthly contract installment payment has increased or decreased, Debtor shall increase or decrease, as necessary, the plan payment to the Trustee without modification of this plan.

| Creditor's Name / Collateral Description | Installment Payment | Interest Rate | Maturity Date | Post-petition Payments Paid By: | If Trustee, # of Months through Plan |
|---|---|---|---|---|---|
| Selportsvc 887 W. CAREY AVE., N. LAS VEGAS, NV***RESIDENCE*** **FIRST PENDING LOAN MOD*** | 678.00 | 0.00 | | debtor | n/a |

**2.12.2 CLASS 2B - Secured Real Estate Mortgage - Pre-Petition Claim. [Trustee Pays]**

| Creditor's Name / Collateral Description | Interest Rate If Applicable | Pre-petition Arrearage | Grand Total |
|---|---|---|---|
| Selportsvc 887 W. CAREY AVE., N. LAS VEGAS, NV***RESIDENCE*** **FIRST PENDING IN LOAN MOD*** | 0.00 | 40,528.00 | 40,528.00 |

**2.12.3 CLASS 2C - Pre-petition claim on real property taxes, homeowners association, and public utilities. [Trustee Pays]**

| Creditor's Name / Collateral Description | Interest Rate If Applicable | Pre-petition Arrearage | Grand Total |
|---|---|---|---|
| -NONE- | | | |

**2.13 CLASS 3 - Secured claims that are modified by this plan or that have matured or will mature before the plan is completed** - Each CLASS 3 claim will be paid in full by the Trustee. The creditor shall retain its existing lien and receive payments in equal monthly amounts as specified below. The monthly payments may increase or decrease after a specified number of months as stated below. This section shall be used to specify **Adequate Protection Payments.** A CLASS 3 claim shall be the amount due under any contract between Debtor and the claimant or under applicable non-bankruptcy law, or, if §506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and (a) was incurred in 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1 year of the filing of the petition and is secured by any other thing of value. **[Trustee Pays]**

**2.13.1 CLASS 3A - Secured Claims Paid Based on a Proposed §506(a) Collateral Valuation or by Agreement. [Trustee Pays]**

| Creditor's Name / Collateral Description | Claim Amount | Fair Market Value | Interest Rate | Number of Monthly Payments | Total Interest to be paid | Monthly Payments | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|---|
| AMERICAN TITLE LENDERS 2001 CHEVY SILVERADO 2500 ***RETAIN LOAN AMOUNT IN PLAN*** | 5,579.00 | 5,475.00 | 5.00 | 48 | 577.06 | 126.09 | month 1 | 6,052.06 |

**2.13.2 CLASS 3B - Secured Claims Modified and Paid in Full (§506 does not apply)**
**§1325(a) - Modification of 910 Day Motor Vehicle Claim / 1 Year Personal Property Claim / Secured Tax Liens / Other  [Trustee Pays]**

| Creditor's Name / Collateral Description | Claim Amount | Interest Rate | Number of Monthly Payments | Total Interest to be paid | Monthly Payments | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**2.13.3 CLASS 3C - Debtor(s) offer to modify a 910- Day PMSI motor vehicle or personal property purchase within 1 year period or any other thing of value** - Unless Creditor affirmatively accepts the offer by the time of the Confirmation Hearing, Debtor shall surrender the collateral within 10 days after the confirmation hearing in full satisfaction of the debt. **[Trustee Pays]**

| Creditor's Name / Collateral Description | Claim Amount | Debtor's Offer To Pay on Claim | Debtor's Offer Interest Rate | Number of Monthly Payments | Total Interest to be paid | Proposed Monthly Payment | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

**2.14 CLASS 4 - Secured claims for personal property that were delinquent when the petition was filed including 910-Day PMSI motor vehicle or any other thing of value if debt was incurred within 1 year of filing.** CLASS 4 claims are not modified by this plan and may mature before or after the last payment under the plan. Debtor or a third party shall pay the monthly contract installments on CLASS 4 claims as they come due whether or not the plan is confirmed and such payment shall constitute adequate protection as required by §1326(a)(1)(C). Trustee shall pay each CLASS 4 pre-petition claim for arrears. Creditor shall retain its existing lien. **[Trustee Pays Delinquency/Debtor Pays Post-Petition]**

| Creditor's Name / Collateral Description | Claim Amount | Monthly Contract Payment | Months Remaining in Contract | Pre-petition arrears | Interest Rate | Total Interest | Grand Total |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**2.15 CLASS 5 - Secured claims satisfied by the surrender of collateral** - As to personal property secured claims, Debtor shall surrender the collateral to the creditor not later than 10 days after confirmation of this plan. As to real property secured claims, the entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a CLASS 5 secured claim to exercise its remedies under applicable non-bankruptcy law.

| Creditor's Name / Collateral Description | Surrender in Full Satisfaction of Debt | If No, Estimated Deficiency |
|---|---|---|
| -NONE- | | |

**2.16 CLASS 6 -  Secured claims paid directly by Debtor or third party (other than ongoing real estate mortgage payments)** - CLASS 6 claims mature before or after the completion of this plan, are not in default, and are not modified by this plan which may include 910-Day motor vehicle claims and claims incurred within 1 year of filing the petition and secured by any other thing of value. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. **[Debtor Pays]**

| Creditor's Name / Collateral Description | Monthly Contract Installment | Maturity Date |
|---|---|---|
| -NONE- | | |

**D. Unsecured Claims**

**2.17 CLASS 7 - Priority unsecured claims pursuant to §507.**

**2.17.1 CLASS 7A - Priority unsecured claims being paid in full pursuant to §507. [Trustee Pays]**

| Creditor's Name | Describe Priority | Claim Amount | Interest Rate If Applicable | Total Interest To Be Paid | Grand Total |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**2.17.2 CLASS 7B - Priority unsecured claims pursuant to §507 and §1322(a)(2) and the holder of the claim agrees to a different treatment of the claim. [Trustee Pays]**

| Creditor's Name | Describe Priority | Original Claim Amount | Agreed Claim Amount | Interest Rate If Applicable | Total Interest To Be Paid | Grand Total |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**2.17.3 CLASS 7C - Priority unsecured claims pursuant to §507(a)(1)(B) and §1322(a)(4).** This class includes allowed unsecured Domestic Support Obligations appropriately assigned to a government unit whereby less than the full amount will be paid and the plan provides for all of Debtor's Projected Disposable Income for a 5 year period. **[Trustee Pays]**

| Creditor's Name | Claim Amount | Amount Paid Through Plan |
|---|---|---|
| -NONE- | | |

**2.18 CLASS 8 - §1305 Post-Petition Claims** - This class includes but is not limited to taxes that become payable to a governmental unit while the case is pending and/or consumer debt including delinquent Post-Petition Mortgage Payments. **[Trustee Pays]**

| Creditor's Name / Collateral Description (if applicable) | Claim Amount | Interest Rate | Interest To Be Paid | Penalties | Grand Total |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**2.19 CLASS 9 - Special class unsecured claims** - This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even if all other unsecured claims may not be paid in full.  This class may include §1328(a) Non-dischargeable Claims with payment of interest pursuant to §1322(b)(10) provided disposable income is available after making provision for full payment of all allowed claims. **[Trustee Pays]**

| Creditor's Name / Description of Debt | Claim Amount | Interest Rate | Number of Months | Monthly Payment | Start Date | Total Interest to be paid | Grand Total |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**2.20 CLASS 10 - General non-priority unsecured claims** -  After payment to CLASS 9 Creditors, the Trustee will pay to the creditors with allowed general non-priority unsecured claims a pro rata share of approximately   150.34   less debtor attorney fees.
In the event that Liquidation Value as stated in 1.04 is greater than Disposable Income as stated in 1.03, the approximate dollar amount to be paid to non-priority unsecured claims shall be greater than stated herein. **[Trustee Pays]**

## Section III. Executory Contracts and Unexpired Leases

**3.01** Debtor assumes or rejects the executory contracts and unexpired leases listed below. Debtor shall pay directly all required contractual post-petition payments on any executory contracts or unexpired lease that has been accepted. Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the Confirmation Order modifies the automatic stay to allow the non-debtor party to a rejected unexpired lease to obtain possession of leased property pursuant to §365(p)(3).

| Lessor - Collateral Description | Accept / Reject | Monthly Contract Payment | Pre-petition Arrears | Pre-petition Arrears Paid By | Interest Rate | Start Date | Total Interest Paid By Plan | Grand Total |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

## Section IV. Payment of Claims and Order of Payment

**4.01** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**4.02 Distribution of plan payment.** *(select one)*

☒ **a. Regular Distribution of Plan Payments** - Trustee shall pay as funds are available in the following order unless stated otherwise: Trustee's fees, monthly contract installments to CLASS 2A; adequate protection payments until confirmation; administrative expenses; CLASS 3, CLASS 2C, and CLASS 4 secured claims as provided for in the plan; CLASS 7 priority claims until paid in full; CLASS 8 §1305 post-petition claims; CLASS 2B arrearage claims; CLASS 9 special class unsecured claims; CLASS 10 general non-priority unsecured claims.

**OR**

☐ **b. Alternative Distribution of plan payments** - If the Regular Distribution of Plan Payments is not selected then this alternative distribution of plan payments shall be specifically set forth below in Section VI Additional Provisions and shall designate the order of payment as funds are available.

**4.03 Priority of payment among administrative expenses** - The portion of the monthly plan payment allocated in Section 4.02 for administrative expenses described in Sections 2.08, 2.09, and 2.10 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to Section 2.08, then to holders of administrative expenses described in Sections 2.09 and 2.10 on a pro rata basis

## Section V. Miscellaneous Provisions

**5.01 Adequate protection payments** - Prior to confirmation, Trustee shall pay on account of each allowed CLASS 3 claim secured by a purchase money security interest in personal property an adequate protection payment as required by §1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed and payment has been provided for in this plan. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the petition is filed. The Creditor shall apply adequate protection payments to principle and interest consistent with this plan.

**5.02. Post-petition interest** - Post-petition interest shall accrue on all Class 2, Class 3, and Class 4 claims at the rates stated herein except to the extent the Class 2B claim is for mortgage arrears on a loan incurred after October 22, 1994, unless the real estate contract provides otherwise, in which case interest will always be 0%. If the plan specifies a '0%' rate, no interest will be accrued. However, if the provision for interest is left blank, interest at the rate of 10% per annum will accrue. For Class 2A claims secured only by real property that is Debtor's principal residence, and for Class 3.B. claims that are not subject to §506(a) collateral valuation and secured by property with a value greater than is owed under any contract or applicable non-bankruptcy law, interest shall accrue from the petition date. All Class 3B and Class 3C and Class 4 secured claims shall accrue interest from the date the plan is confirmed unless otherwise ordered by the court.

**5.03 Vesting of property** - Any property of the estate scheduled under §521 shall revest in the Debtor upon confirmation. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.04 Debtor's duties** - In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal property with a value of $1,000 or more or real property with a value of $5,000 or more without first obtaining court authorization. Except as provided in §364 and §1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with §1305(c). **(b) Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by §1326(a)(4). **(c) Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Periodic reports.** The Debtor shall provide Trustee with a copy of any personal federal tax return filed while the case is pending accompanied by W-2 forms and 1099 forms. Upon Trustee's request, Debtor shall provide Trustee with other tax returns filed while the case is pending and quarterly financial information regarding Debtor's business or financial affairs. **(e) Documents required by Trustee.** In addition to the documents required by the Bankruptcy Code and Local Rules, the Debtor shall provide to Trustee not later than the first date set for the §341 meeting (1) written notice of the name and address of each person to whom the Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. §464 & §466], (2) a wage order if requested by Trustee, (3) a CLASS 2A Worksheet and Authorization to Release Information for each CLASS 2A claim, (4) IRS Form 8821 and IRS Form 4506. **(f) Documents required by Trustee prior to Discharge of Debtor.** Within 30 days of the completion of plan, the Debtor shall certify to the Court with a copy to the Trustee the following: (1) of the name and address of each person to whom the Debtor owes domestic support obligation at that time together with the name and of the relevant State child support enforcement agency [see 42 U.S.C. §464 & §466]; (2) current address of the Debtor; (3) name and address of Debtor's current employer; (4) name of each creditor whose claim was not discharged under 11 USC §523(a)(2); and/or (5) name of each creditor that was reaffirmed by the Debtor under §524(c); and (6) certificate of completion of an instructional course in Personal Financial Management.

**5.05 Remedies on default** - If Debtor defaults in the performance of this plan, or if the plan will not be completed in 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to LR 9014. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further distribution to such secured claim. *Any deficiency claim remaining after the disposition of the collateral shall be satisfied as a CLASS 10 unsecured claim provided a proof of claim or amended proof of claim is timely filed and allowed and served on Debtor and Trustee, except as may be provided in 2.15 CLASS 5. Such deficiency claim shall be paid prospectively only. Chapter 13 plan payments previously disbursed to holder of other allowed claims shall not be recovered by the trustee to provide a pro rata distribution to the holder of any such deficiency claim.*

**5.06 Creditors shall release lien on titles when paid pursuant to §1325(a)(5)(B)** - A holders of a claim shall retain its lien until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law or (b) discharge under Section §1328; and if the case under this chapter is dismissed or converted without completion of the Plan, such liens shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law. After either one of the foregoing events has occurred, creditor shall release its lien and provide evidence and/or documentation of such release within 30 days to Debtor(s).

**5.07 Plan Payment Extension Without Modification** - If the Plan term does not exceed 60 months and CLASS 2B, CLASS 2C, CLASS 4, CLASS 7, CLASS 8, and CLASS 9 claims are filed in amounts greater than the amounts specifically stated herein, the Debtor **authorizes** the Trustee to continue to make payments to creditors beyond the term of the Plan, such term not to exceed 60 months. The Debtor shall continue to make plan "payments until the claims, as filed, are paid in full or until the plan is otherwise modified.

### Section VI. Additional Provisions

**6.01 Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted plan language of this form has not been altered** - This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set forth herein below or attached hereto as an exhibit and shall be identified by a section number (6.02, 6.03, etc.).

**The signatures below certify that the preprinted text of this plan form has not been altered. Any changes of the preprinted text plan form have been specifically stated in Section VI- Additional Provision.**

Date **May 4, 2010**          Signature **/s/ DONNA BRUMFIELD**

                                                         **DONNA BRUMFIELD**
                                                          Debtor

Submitted by:

**/s/ BARRY LEVINSON, ESQ.**
**BARRY LEVINSON, ESQ. 006721**

Attorney

# Feasibility Check
# &
# Plan Summary

| | | |
|---|---|---|
| **Administrative Expenses** | | |
| Attorney Fees | $ | 3,900.00 |
| Trustee | $ | 5,625.60 |
| Former Chapter 7 Trustee | $ | 0.00 |
| Other | $ | 0.00 |
| | | |
| **Amounts to be paid through plan** | | |
| | | |
| **CLASS 2. Secured claims for real estate loans** | | |
| A. For real estate loans due after filing of the petition | $ | 0.00 |
| B. Secured pre-petition claims for real estate loans | $ | 40,528.00 |
| C. Arrearage claim on real property taxes, HOA, and public utilities | $ | 0.00 |
| **CLASS 3. Secured claims that are modified by this plan** | | |
| A. Secured Claims Paid Based on a Proposed §506(a) Collateral Valuation or by Agreement. | $ | 6,052.06 |
| B. Secured Claims Modified and Paid in Full (§506 does not apply) | $ | 0.00 |
| C. Debtor(s) offer to modify a 910-Day PMSI motor vehicle or personal property purchase within 1 year period or any other thing of value | $ | 0.00 |
| **CLASS 4. Secured claims for personal property that were delinquent** | $ | 0.00 |
| **CLASS 7. Priority unsecured claims Pursuant to §507** | | |
| A. Priority unsecured claims pursuant to §507 | $ | 0.00 |
| B. Priority unsecured claims pursuant to §507 and §1322(a)(2) and agreed claims | $ | 0.00 |
| C. Priority unsecured claims pursuant to §507 and §1322(a)(4) / Domestic Support | $ | 0.00 |
| **CLASS 8. - §1305 Postpetition claims** | $ | 0.00 |
| **CLASS 9. Special class unsecured claims** | $ | 0.00 |
| **CLASS 10. General non-priority unsecured claims** | $ | 150.34 |
| **Section III. Executory Contracts and Unexpired Leases (Arrears through Plan)** | $ | 0.00 |
| | | |
| | | |
| **Total Claims being paid Through the Plan** | $ | 56,256.00 |
| **-Total Plan Payments** | $ | 56,256.00 |
| | $ | 0.00 |

# EXHIBIT C.

1

## AFFIDAVIT OF SELENA HAMILTON.

2

3      STATE OF NEVADA              )

4                                   )        ss

5      COUNTY OF CLARK              )

6          THE UNDERSIGNED, SELENA HAMILTON, being first duly sworn, being of sound

7      mind and capable to testify, depose and state as follows:

8      1.  SELENA HAMILTON is the co-owner, 50% owner, of the real property at 887 W. Carey
           Ave., North Las Vegas, NV  89030.  The other owner is DONNA BRUMFIELD who also

9          has 50% owner.

10     2.  We both make the monthly mortgage payments on the W. Carey Avenue.

11     3.  We have been negotiating a loan modification for the property since January 2009 with

12         Select Portfolio Servicing, Inc.

13     4.  On or about November 2009 – January 2010, Select Portfolio allowed us to make trial-

14         period payments of $678.00 per month.  We made all three payments on time.

15     5.  Select Portfolio said that after the three-month trial period that they would give us an
           answer as to whether they approve or not approve a permanent loan modification for us.

16     6.  SELENA called Select Portfolio on February 2010.  Select Portfolio's representative told

17         us to continue to pay the $678.00 per month only until the loan modification is finalized.

18     7.  Every month from February 2010 – now, we called Select Portfolio and each time they

19         told us to continue to pay the $678.00 every month until the loan modification is finalized.

20         They never mentioned or told us to make the full payment of $1600.78 per month.

21     8.  They keep asking us for more and more documentation all of which we have already sent.
           To the best of my knowledge, they have neither finalized or rejected our loan modification.

22
       ...
23     ...
24     ...
25     ...
26     ...
27     ...
28     ...

1    They have never sent us any paperwork or notification of any finalization.

2    9. We have made every $678.00 payment except for two payments. We will make the two

3    monthly payments by August 16, 2010.

DATED this 2nd day of August, 2010.

4

5

6

7    SELENA HAMILTON

8    SUBSCRIBED AND SWORN to before
me this __2nd__ day of August, 2010.

9

10

11    NOTARY PUBLIC in and for said

12    County and State, NEVADA

13

14

15    DONNA BRUMFIELD

16    SUBSCRIBED AND SWORN to before

17    me this __2nd__ day of August, 2010.

18

19

20    NOTARY PUBLIC in and for said

21    County and State, NEVADA.

CATHY BROWN
NOTARY PUBLIC
STATE OF NEVADA
Date Appointment Exp: 11-16-10
Certificate No: 99-50951-1

22

23

24

25

26

27

28

July 30, 2010

## To Whom it may Concern

I Donna Brumfield who Lives at 887 W. CAREY AVE. N. Las Vegas NV. 89030 has request a hardship for the property at 887 W. CAREY Ave. N. Las Vegas NV 89030 in 2009 An also request one in 2010 witch I sent them all they requested and also fax requested documents to them. Select Porfolo Servicing Inc. never gave a response to me but when school let out I had difficulty paying 678.00 a month so on there Statement that I'm putting with this is a letter that States my unpaid amount and this is what I owen 1,106.78.

State of Nevada
County of Clark
This instrument was acknowledged before me on 07-30-10
By Donna Brumfield

Signature of Notarial Officer

STACIE M. PHILLIPS
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 01-17-14
Certificate No: 06-103065-1



SPS | SELECT
      | *Portfolio*
      | SERVICING, *inc.*

0010390953
June 10, 2010

DONNA R BRUMFIELD
887 W CAREY AVE
N LAS VEGAS, NV  89030

Re:    Loan Number:         0010390953

Dear Homeowner(s):

This letter is to confirm that your recent request for options to resolve your mortgage delinquency is still under review.  We regret that this has taken more time than originally anticipated.  However, we remain committed to assisting you during your current financial hardship.

We value you as a customer and appreciate your patience.  We expect to provide a response to you within the next 15 business days.  If you have any questions, please contact our Loan Resolution Department at 1-888-818-6032.  Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m., Friday 7 a.m. to 5 p.m., and Saturday from 7 a.m. to 11 a.m., Mountain Standard Time.

Sincerely,

Select Portfolio Servicing, Inc.

Esta carta contiene información importante concerniente a sus derechos.  Por favor, hágala traducir. Nuestros representantes bilingues están a su disposición para contestar cualquier pregunta llamando al teléfono (800) 831-0118 y marque la opción 2.

This information is intended for informational purposes only<br>and is not considered an attempt to collect a debt.

LR813

**MONTHLY MORTGAGE STATEMENT**

# SPS | Portfolio SERVICING, inc.

P.O. Box 65250, Salt Lake City, UT 84165-0250

Page 1 of 1

Statement Date: 05/18/10

#BWNLXZF
Donna R Brumfield
887 W Carey Ave
N Las Vegas NV 89030-3725

llulllullllullllnllllullulullulllull.ll

For other important contact information see the reverse side

| Customer Service | 1-800-258-8602 |
|---|---|
| Monday - Friday | 7:00AM - 8:00PM ET |
| Saturday | 8:00AM - 12:00PM ET |

## LOAN INFORMATION

Property Address:  887 W CAREY AVE
NORTH LAS VEGAS NV 89030

Loan Number: 0010390953 · Current Interest Rate: 8.850%

| YTD Interest Paid | YTD Taxes Paid | YTD Principal Paid |
|---|---|---|
| $.00 | $188.82 | $.00 |

| Current Principal Balance | Taxes & Insurance | Current Unapplied Balance |
|---|---|---|
| $178,065.40 | $3,620.45 | $1,106.78 |

You can access your automated loan information 24 hours a day or make a payment online by visiting our web site at www.spservicing.com or by calling the Customer Service number shown above.

If you have any questions regarding your loan or this statement, please call 1-800-258-8602.

We acknowledge your bankruptcy filing. Unless otherwise instructed by the bankruptcy court, you should continue to make the payments required under your loan documents to the address listed on the attached coupon.

# THIS IS NOT AN ATTEMPT TO COLLECT A DEBT.

# THIS STATEMENT IS BEING SENT FOR INFORMATIONAL PURPOSES ONLY.

## ACTIVITY FROM 04/16/10 thru 05/18/10

| Date | Description | Prin Bal | Interest | Taxes & Insurance | Late Charges Unappl Bal | Other Fees | Expense Pd by Servicer | Total |
|---|---|---|---|---|---|---|---|---|
| 04/16 | BEG BALANCE | $178,065.40 | $43,355.46 | $3,620.45 | $73.85 | ($428.78) | $30.09 | $3,681.55 | $226,408.02 |
| 05/10 | PAYMENT | 0.00 | 0.00 | 0.00 | 0.00 | (678.00) | 0.00 | 0.00 | (678.00) |

277-4991-000

**SPS** Select Portfolio SERVICING, inc.

P.O. Box 65250, Salt Lake City, UT 84165-0250

Page 1 of 1

MONTHLY MORTGAGE STATEMENT

07/16/10

Statement Date:    07/16/10

**Customer Service**                    1-800-258-8602

Monday - Friday          7:00AM - 8:00PM ET
Saturday                 8:00AM - 12:00PM ET

For other important contact information see the reverse side

#BWNJXZF
Donna R Brumfield
887 W Carey Ave
N Las Vegas NV 89030-3725

#4

ll..ll.l..ll..lll.l..lll.l...lll..l.l..l.l.l.l..lll.l

## LOAN INFORMATION

Property Address:    887 W CAREY AVE
                     NORTH LAS VEGAS NV 89030

Loan Number: 0010390953    Current Interest Rate: 9.850%

| YTD Interest Paid | YTD Taxes Paid | YTD Principal Paid |
|---|---|---|
| $.00 | $186.62 | $.00 |

| Current Principal Balance | Taxes & Insurance | Current Unapplied Balance |
|---|---|---|
| $178,065.40 | $3,620.45 | $1,106.78 |

If you have any questions regarding your loan or this statement, please call 1-800-258-8602.

You can access your automated loan information 24 hours a day or make a payment online by visiting our web site at www.spservicing.com or by calling the Customer Service number shown above.

## ACTIVITY FROM 06/17/10 thru 07/16/10

## IMPORTANT MESSAGES

**THIS IS NOT AN ATTEMPT TO COLLECT A DEBT.**

**THIS STATEMENT IS BEING SENT FOR INFORMATIONAL PURPOSES ONLY.**

We acknowledge your bankruptcy filing. Unless otherwise instructed by the bankruptcy court, you should continue to make the payments required under your loan documents to the address listed on the attached coupon.

277498J-000

**SPS** SELECT Portfolio SERVICING, Inc.

P.O. Box 65250, Salt Lake City, UT 84165-0250

Page 1 of 1

**MONTHLY MORTGAGE STATEMENT**

Statement Date: 06/16/10

**Customer Service** 1-800-258-8602

*Monday - Friday* 7:00AM - 8:00PM ET

*Saturday* 8:00AM - 12:00PM ET

For other important contact information see the reverse side

#BWNJXZF
Donna R Brumfield
887 W Carey Ave
N Las Vegas NV 89030-3725

## LOAN INFORMATION

**Property Address:** 887 W CAREY AVE.
NORTH LAS VEGAS NV 89030

**Loan Number:** 0010390853   **Current Interest Rate:** 9.850%

| YTD Interest Paid | YTD Taxes Paid | YTD Principal Paid |
|---|---|---|
| $.00 | $186.62 | $.00 |

| Current Principal Balance | Taxes & Insurance | Current Unapplied Balance |
|---|---|---|
| $176,085.40 | $3,820.45 | $1,108.78 |

If you have any questions regarding your loan or this statement, please call 1-800-258-8602.

You can access your automated loan information 24 hours a day or make a payment online by visiting our web site at www.spservicing.com or by calling the Customer Service number shown above.

## ACTIVITY FROM 05/19/10 thru 06/16/10

## IMPORTANT MESSAGES

**THIS IS NOT AN ATTEMPT TO COLLECT A DEBT.**

**THIS STATEMENT IS BEING SENT FOR INFORMATIONAL PURPOSES ONLY.**

We acknowledge your bankruptcy filing. Unless otherwise instructed by the bankruptcy court, you should continue to make the payments required under your loan documents to the address listed on the attached coupon.